IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 03-0069-WS |
| | ) | |
| CHARLES ANTHONY THOMAS, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This matter comes before the Court on defendant's Motion for Reduction of Sentence (doc. 18).

Back in August 2003, defendant, Charles Anthony Thomas, entered a plea of guilty to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (*See* docs. 13, 14.) At a sentencing hearing held on November 21, 2003, the undersigned sentenced Thomas to a term of imprisonment of 87 months. (Doc. 17.) Thomas pursued neither a direct appeal nor a § 2255 motion collaterally attacking his conviction or sentence.

Now, 13 years later, Thomas (by and through counsel) files a Motion for Reduction of Sentence. In that Motion, Thomas explains that he did not begin serving his federal sentence in this matter until April 23, 2015, because he had previously been in state custody. He maintains that he has availed himself of various rehabilitative and educational resources in prison, such as completing a comprehensive substance abuse treatment program and earning his GED. He points out that he is now 37 years old, and has been incarcerated since the age of 21. Thomas also indicates that he is entitled to a reduction in sentence "[p]ursuant to the most recent amendments to the 'single sentencing rule'" found at U.S.S.G. § 4A1.2, such that his two previous convictions should be counted as one. (Doc. 18, ¶ 6.) Finally, Thomas invokes *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and urges the Court "to reconsider its sentence, treating the guidelines as advisory, and tailoring the sentence in light of other statutory concerns." (Doc. 18, at 2.)

The fundamental defect in defendant's Motion for Reduction of Sentence is that he has not shown, and the undersigned cannot perceive, how the Court is empowered to modify his

sentence under the circumstances presented here. District courts do not possess "some sort of inherent authority to modify a sentence" whenever they wish. *United States v. Diaz-Clark*, 292 F.3d 1310, 1317-18 (11th Cir. 2002). To the contrary, the law provides that sentencing courts generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see also United States v. Moreno*, 421 F.3d 1217, 1219 (11th Cir. 2005) ("[g]enerally, a district court may not modify a term of imprisonment once imposed"). Thus, "[t]he authority of a district court to modify an imprisonment sentence is narrowly limited by statute." *United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010); *see also United States v. Jackson*, 613 F.3d 1305, 1308 (11th Cir. 2010) ("A district court may not modify a term of imprisonment once it has been imposed, except in some cases where modification is expressly permitted by statute or Fed.R.Crim.P. 35.").

By statute, a sentencing court may modify a term of imprisonment only (1) upon motion by the Director of the Bureau of Prisons, (2) "to the extent otherwise expressly permitted by statute or by Rule 35," or (3) in certain limited circumstances where a sentencing guidelines range has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c). Thomas does not indicate which prong of § 3582(c) he contends entitles him to a sentence modification at this time. Insofar as he seeks relief pursuant to "the most recent amendments" to U.S.S.G. § 4A1.2, it is unclear which amendments Thomas is invoking because there have been several revisions to that guideline in recent years.[1] Whichever amendment he has in mind, the insuperable obstacle confronting Thomas is that a sentence modification based on a sentencing range that has subsequently been lowered by the Sentencing Commission is permissible only "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); *see also United States v. Melvin*, 556 F.3d 1190, 1193 (11th Cir. 2009) (explaining that "[t]he district court was only permitted under § 3582(c)(2) to reduce Melvin's sentences consistent with the applicable policy statements of the Sentencing Commission"); *United States v. Pryor*, 2012 WL 1345740, *2 (S.D. Ala. Apr. 18, 2012) ("§

---

[1] In particular, during the last 23 years U.S.S.G. § 4A1.2 has been modified by Amendment 795 (effective November 1, 2015), Amendment 777 (effective November 1, 2013), Amendment 766 (effective November 1, 2012), Amendment 758 (effective November 1, 2011), Amendment 742 (effective November 1, 2010), and Amendment 709 (effective November 1, 2007).

3582(c)(2) does not authorize district courts to undertake wholesale modification of a sentence whenever they may wish, or to make any change in the absence of a retroactively applicable Guideline amendment, which simply does not exist here"). The applicable policy statement by the Sentencing Commission is found at U.S.S.G. § 1B1.10(d), and enumerates the amendments that may be applied retroactively to modify a defendant's sentence pursuant to § 3582(c)(2). None of the "most recent amendments" to U.S.S.G. § 4A1.2 are recited in that policy statement.[2] Accordingly, nothing in § 3582(c)(2) would authorize this Court to modify Thomas's sentence to give him the benefit of what he calls "the most recent amendments to" U.S.S.G. § 4A1.2.

Alternatively, to the extent that Thomas may have intended to travel under 28 U.S.C. § 2255, his Motion for Reduction of Sentence likewise fails as a matter of law. Thomas indicates that he brings his Motion pursuant to the Supreme Court's *Booker* decision. But *Booker* was decided in January 2005, more than 11 years before Thomas filed his Motion for Reduction of Sentence. That fact renders his Motion untimely pursuant to the AEDPA. *See* 28 U.S.C. § 2255(f) (identifying one-year limitations period for § 2255 motions, running from the latest of, *inter alia*, "the date on which the judgment of conviction becomes final" or "the date on which the right asserted was initially recognized by the Supreme Court"). Furthermore, even if Thomas could somehow satisfy the one-year limitations period under AEDPA (which he plainly cannot), the Motion could not succeed because his conviction and sentence became final in December 2013, long before *Booker* was decided. This is fatal to Thomas's § 2255 motion because *Booker* does not apply retroactively to cases on collateral review. *See, e.g., Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005) ("we conclude that *Booker*'s constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review"); *Gresham v. Haynes*, 476 Fed.Appx. 846, 848 (11th Cir. May 11, 2012) ("to the extent that Gresham's petition can be construed as relying on the Supreme Court's

---

[2] Recall that the amendments to U.S.S.G. § 4A1.2 over the last 23 years are Amendments 795, 777, 766, 758, 742 and 709. The Policy Statement identifies the most recent covered amendments as including, in ascending numerical order, "706 as amended by 711, 715, 750 (parts A and C only), and 782 (subject to subsection (e)(1))." U.S.S.G. § 1B1.10(d). Inasmuch as the "most recent amendments" to § 4A1.2 have not been made retroactive by the Sentencing Commission's policy statement, those amendments cannot be successfully utilized as a basis for requesting sentence modification pursuant to § 3582(c)(2).

decisions in *Apprendi* …, *Blakely* …, or *United States v. Booker* …, we have concluded that these cases do not apply retroactively on collateral review").

For all of the foregoing reasons, the Court finds that this case does not fall within the narrowly circumscribed circumstances in which a federal district court is empowered to modify a term of imprisonment once imposed. There is no retroactively applicable amendment to the Sentencing Guidelines that would have the effect of lowering Thomas's guideline range, consistent with policy statements issued by the Sentencing Commission. Moreover, relief is unavailable under 28 U.S.C. § 2255 as a matter of law because Thomas's Motion does not comport with the governing AEDPA filing deadline and relies on a Supreme Court decision that is not retroactively applicable to cases on collateral review. There has been no motion from the Bureau of Prisons. Rule 35 of the Federal Rules of Criminal Procedure has no application here. And no statute other than § 3582(c) or § 2255 is logically implicated by the Motion. Accordingly, defendant's Motion for Reduction of Sentence (doc. 18) is **denied**.

The Court **certifies** that any appeal from this determination would be frivolous and not brought in good faith; therefore, Thomas may not take an appeal *in forma pauperis* from this ruling. Insofar as this Motion may be deemed to be one brought pursuant to 28 U.S.C. § 2255, Thomas will not be granted a certificate of appealability in connection with any appeal.

DONE and ORDERED this 16th day of August, 2016.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE